IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUARDIAN PHARMACY, LLC d/b/a GUARDIAN PHARMACY SERVICES,<br><br>　　Plaintiff,<br><br>v.<br><br>GUARDIAN SCRIPTS, LLC,<br><br>　　Defendant. | CIVIL ACTION NO. 3:23-cv-1944<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Guardian Pharmacy, LLC, d/b/a Guardian Pharmacy Services ("Guardian") for its complaint ("Complaint") against Guardian Scripts, LLC ("Defendant"), states as follows:

**SUBSTANCE OF THE ACTION**

1. This is a civil action for federal service mark infringement, federal false designation of origin and unfair competition and breach of contract, arising out of Defendant's misappropriation and infringement of Guardian's service marks.

2. Operating under the name GUARDIAN PHARMACY SERVICES, Guardian is one of the largest and fastest-growing institutional and long-term care pharmacy companies in the United States.

3. Since 2004, Guardian's pharmacy professionals have delivered unmatched service, care, and quality medications to its patients. Guardian owns the following U.S. federal service mark registrations and pending applications for GUARDIAN PHARMACY, or variations thereof (collectively, the "GUARDIAN PHARMACY® Marks"), in the United States Patent and Trademark Office ("USPTO") for:

| Mark and App. No. / Reg. No. | Full Goods/Services |
|---|---|
| GUARDIAN ATHOME<br>SN: 90572883 | Int'l Class: 35<br>Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for residential patients, and physicians; retail pharmacy services featuring home delivery; mail order pharmacy services |
| GUARDIAN ATHOME<br>SN: 90572888 | Int'l Class: 44<br>Maintaining patient medication administration records and files for residential patients, and their physicians; providing pharmaceutical advice to residential patients, and their physicians |
| GUARDIAN OTC SAVER<br>RN: 6268213<br>SN: 88804968 | Int'l Class: 35<br>Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians |
| GUARDIAN PHARMACY<br>RN: 4922166<br>SN: 86671586 | Int'l Class: 44<br>Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |
| GUARDIAN PHARMACY<br>RN: 4922165<br>SN: 86671554 | Int'l Class: 35<br>Retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians |
| GUARDIAN PHARMACY<br>RN: 3046635<br>SN: 76556505 | Int'l Class: 35<br>Wholesale distributorship featuring pharmaceuticals |
| GUARDIAN PHARMACY and Design | Int'l Class: 35<br>Retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians |

| | |
|---|---|
| Guardian pharmacy (logo)<br><br>RN: 4922167<br>SN: 86671613 | |
| GUARDIAN PHARMACY and Design<br><br>Guardian pharmacy (logo)<br><br>RN: 4922168<br>SN: 86671666 | Int'l Class: 44<br>Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |
| GUARDIAN PHARMACY SERVICES<br>RN: 6102190<br>SN: 88778474 | Int'l Class: 35<br>Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians |
| GUARDIAN PHARMACY SERVICES<br>RN: 6102191<br>SN: 88778476 | Int'l Class: 44<br>Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |
| GUARDIAN SHIELD<br>RN: 6159479<br>SN: 88518770 | Int'l Class: 35<br>Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians<br><br>Int'l Class: 44<br>Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |

| GUARDIANHUB<br>RN: 6853495<br>SN: 90535781 | Int'l Class: 44<br>Providing an online portal for customers to access their medical, drug, and pharmacological records |
|---|---|
| GUARDIANLINK<br>RN: 5981922<br>SN: 88518756 | Int'l Class: 35<br>Providing a website for medical professionals and medical patients featuring information about medical billing that can be accessed from remote devices<br><br>Int'l Class: 44<br>Providing a website for medical professionals and medical patients featuring medical information, pharmaceutical information and medical records that can be accessed from remote devices; maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |
| GUARDIANNOTE<br>RN: 6762074<br>SN: 90535787 | Int'l Class: 09<br>Downloadable mobile application for accessing medical, drug, and pharmacological records and providing patient notes |
| TRUST US TO BE YOUR GUARDIAN<br>RN: 5517306<br>SN: 87590121 | Int'l Class: 35<br>Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians<br><br>Int'l Class: 44<br>Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians |

4. True and correct pages from the official website of the USPTO showing the current ownership and status of the registrations for the GUARDIAN PHARMACY® Marks are attached to this Complaint as **Exhibit A**.

5. As a result of its federal registrations, Guardian owns individual protection for each registration and a "family" of GUARDIAN marks which reflect the protectable trademark rights Guardian owns in these marks and a family of GUARDIAN marks for pharmaceutical and medical administrative services.

6. Registration No. 3,046,635 for GUARDIAN PHARMACY for wholesale distributorship featuring pharmaceuticals in Class 35 was filed on October 17, 2003, registered on January 17, 2006, and is incontestable pursuant to 15 U.S.C. § 1065.

7. Since 2004, Guardian has actually, extensively and continuously used one or more of the GUARDIAN PHARMACY® Marks to identify pharmacy related services throughout the United States.

8. Years after Guardian acquired prior protectable rights in its GUARDIAN PHARMACY® Marks, Defendant started the unauthorized use of the confusingly similar name "Guardian Scripts, LLC" and the mark GUARDIAN SCRIPTS (the "GUARDIAN SCRIPTS mark") in U.S. commerce and in connection with pharmaceutical products and pharmacy-related services, causing damage to Guardian and consumer misattribution for the GUARDIAN PHARMACY® Marks.

9. It is also clear evidence of Defendant's intent to trade on Guardian's goodwill and famous name, made that much more apparent by Guardian Scripts' use of a shield and font in its logo that also resembles Guardian Pharmacy's (as shown below):



10. Guardian's Complaint asserts claims for federal service mark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count One); for federal

unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, and 15 U.S.C. § 1125(a) (Count Two).  Guardian brings this action to obtain injunctive relief to stop Defendant's ongoing illegal service mark use, infringement and unfair competition with respect to Guardian's GUARDIAN PHARMACY® Marks and to seek damages sustained by Guardian as a result of Defendant's unlawful actions, plus attorney fees, costs and other relief.

## PARTIES, JURISDICTION AND VENUE

11. Plaintiff Guardian Pharmacy, LLC, is an Indiana limited liability company with a principal place of business at 171 17th Street, NW, Suite 1400, Atlanta, Georgia 30363.

12. Defendant Guardian Scripts, LLC is a Texas limited liability company with a principal place of business at 4740, 14th Street, Suite T3, Plano, Texas, 75074.

13. Defendant may be served at its principal place of business at 4740, 14th Street, Suite T3, Plano, Texas, 75074.

14. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions of law under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts).

15. This Court has personal jurisdiction over Defendant because the Defendant is organized in the State of Texas, regularly conducts and solicits business within Texas and in the Northern District of Texas (the "District"); Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises pharmaceuticals and the related services they render to consumers and retailers in Texas and this District; and Defendant has committed acts of infringement and unfair competition in Texas and in this District.

16. Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), (b)(2) and (c)(2) because this Court has personal jurisdiction over Defendant in this District, and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted business in this District and has committed acts of service mark infringement and unfair competition in this District.

## FACTS COMMON TO ALL COUNTS

### Guardian And Its Business

17. Guardian provides pharmacy and pharmacy-related services, including maintaining patient medication administration records and files for facilities, patients, and physicians.

18. Guardian is the third largest long-term care pharmacy provider in the U.S. and one of the fastest growing.

### The GUARDIAN PHARMACY® Marks

19. Over 19 years ago (since 2004), Guardian started using the mark GUARDIAN PHARMACY® in U.S. interstate commerce for its pharmacy services.

20. Guardian has used and continuously and extensively uses the GUARDIAN PHARMACY® Marks in U.S. commerce and in the ordinary course of trade, in connection with its distribution of pharmaceuticals and retail pharmacy services.

21. Guardian also owns nationwide common law rights in the GUARDIAN PHARMACY® Marks based on the continuous and extensive use of these marks by Guardian in U.S. interstate commerce to promote Guardian's pharmacy-related services.

22. Pursuant to 15 U.S.C. § 1057(c), in addition to its common law rights and priority, Guardian's nationwide constructive rights in the GUARDIAN PHARMACY® Marks date back to

2003 when the U.S. service mark application for GUARDIAN PHARMACY® (Registration No. 3,046,635) was filed.

23. Guardian is the owner of all right, title, and interest in and to, including the right to enforce, the GUARDIAN PHARMACY® Marks.

24. Guardian is the owner of an incontestable service mark registration for GUARDIAN PHARMACY® (Reg. No. 3,046,635) in the USPTO as confirmed by **Exhibit A**.

25. The incontestable status of the registration for Guardian's GUARDIAN PHARMACY® mark (RN: 3046635) is conclusive evidence of the following rights: the validity of the registered GUARDIAN PHARMACY® mark; the registration of the GUARDIAN PHARMACY® mark; Guardian's ownership of the GUARDIAN PHARMACY® mark; Guardian's exclusive right to use the GUARDIAN PHARMACY® mark with the services in such registration.

26. Current examples of Guardian using the GUARDIAN PHARMACY® Marks are attached to this Complaint and incorporated herein by reference as **Exhibit B**.

27. Guardian's registrations for the GUARDIAN PHARMACY® Marks on the Principal Register provide constructive notices to Defendant and others of Guardian's claim of ownership thereof pursuant to 15 U.S.C. §1072.

28. The federal registrations for the GUARDIAN PHARMACY® Marks are valid, in force and effect, and constitute *prima facie* evidence of Guardian's exclusive ownership of and right to use the GUARDIAN PHARMACY® Marks on and in connection with the marketing and rendering of the services specified in the registration certificates, pursuant to 15 U.S.C. § 1057(b).

29. The GUARDIAN PHARMACY® Marks have been backed by major advertising and promotional efforts in the United States.

30. Guardian has invested a substantial amount of time, money, and other resources in promoting the GUARDIAN PHARMACY® Marks in the United States.

31. Guardian has continuously and extensively advertised and promoted pharmacy-related services under the GUARDIAN PHARMACY® Marks in a large number of online, print, social media, and other communications media throughout the United States, including in this District.

32. The public and trade have come to rely on Guardian's GUARDIAN PHARMACY® Marks to distinguish Guardian's services from those of others.

33. The GUARDIAN PHARMACY® Marks represent a valuable asset owned by Guardian.

### Defendant's Operations and Unlawful Activities

34. Defendant provides: administration of a program enabling participants to receive discounts on pharmaceutical products and prescription drug savings services relating to employer's self-funded prescription programs to provide claim surveillance to identify high cost generic, brand and specialty prescription drugs and provide alternate ways to reduce or eliminate drug costs; pharmaceutical benefit management services; providing healthcare benefits optimization information; providing financial consultation services in the field of pharmaceutical benefit optimization; financial administration of pharmacy reimbursements programs and services; administering a pharmacy reimbursement that operates under the name "Guardian Scripts." Through as fulfillment partner, Defendant provides pharmacy services to patients (collectively, the "Guardian Scripts Pharmacy Services".)

35. Defendant provides the Guardian Scripts Pharmacy Services under the GUARDIAN SCRIPTS mark to employers and their employees throughout the country, including the State of Texas.

36. On or about May 19, 2023, Defendant filed two applications (Serial Nos. 98005570 and 98005562) in the United States Patent and Trademark Office ("USPTO") for the mark GUARDIAN SCRIPTS for the GUARDIAN SCRIPTS for the Guardian Scripts Pharmacy Services (collectively, the "Guardian Scripts Applications").

37. The Guardian Scripts Applications were filed with actual and/or constructive knowledge of Guardian's incontestable rights in the GUARDIAN PHARMACY® Marks.

38. The Guardian Pharmacy Applications aver a date of first use of April 2023, twenty years after Guardian filed its first application for the GUARDIAN PHARMACY® Marks and nineteen years after Guardian commenced use of the GUARDIAN PHARMACY® Marks.

39. Guardian is thus the prior user and prior federal applicant and registration owner of the GUARDIAN PHARMACY® Marks as against the junior subsequent date of Defendant's unauthorized adoption and use of the GUARDIAN SCRIPTS mark, and Guardian has priority of rights to use and to enforce the GUARDIAN PHARMACY® Marks as against the Defendant's unauthorized use of the GUARDIAN SCRIPTS mark.

40. A number of factors confirm that there is a likelihood that the consuming public will find that Defendant's use of the GUARDIAN SCRIPTS mark is confusingly similar to Guardian's GUARDIAN PHARMACY® Marks, including, most importantly, that the parties are using the identical formative component GUARDIAN that is the touchstone of the GUARDIAN "family" of marks. Further, the Defendant pairs its GUARDIAN with the descriptive term SCRIPTS, which is simply an abbreviation of "prescription," which is exactly what is filled by

Guardian's services. Finally, the Defendants have copied Guardian to use a shield design in their respective marks when the Defendant could have elected to use another design from an infinite range of possibilities:

  

41. Defendant intentionally, willfully and knowingly adopted the GUARDIAN SCRIPTS mark, which is confusingly similar to Guardian's GUARDIAN PHARMACY® Marks and did so with blatant disregard for Guardian's service mark rights.

42. For each of the above reasons, Defendant's advertising, sale and distribution of pharmaceuticals, and rendering of pharmacy-related services, in U.S. commerce and under the GUARDIAN SCRIPTS mark, are likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendant's services and suggest that Defendant has an affiliation, sponsorship with or approval by Guardian, which Defendant does not have, thereby tarnishing the GUARDIAN PHARMACY® Marks.

43. Because of the likelihood of confusion caused by Defendant's unauthorized use of the GUARDIAN SCRIPTS mark, Guardian sent Defendant a cease-and-desist letter dated. *See* June 22, 2023, letter attached as **Exhibit C**.  Counsel for the Defendant refused to cease use of the GUARDIAN SCRIPTS mark or to abandon the GUARDIAN SCRIPTS Applications. *See* July 12, 2023 letter attached as **Exhibit D**.

## COUNT ONE

### Infringement of a Federally Registered Service Mark
### 15 U.S.C. § 1114(1)(a)

44. Guardian incorporates herein and realleges all previous paragraphs of its Complaint.

45. Guardian is the owner of all rights and title to, and has valid and protectable prior rights in, the GUARDIAN PHARMACY® Marks and the GUARDIAN "family" of marks.

46. Since 2004, Guardian has continuously and extensively used in nationwide commerce the GUARDIAN PHARMACY® Marks for its pharmacy-related services.

47. With a priority dating back to filing for its first federal registration in 2003 and used continuously thereafter, Guardian owns federal service mark rights in the GUARDIAN PHARMACY® Marks for distributorship of pharmaceuticals and related retail pharmaceutical services.

48. Defendant adopted and began using in U.S. commerce the GUARDIAN SCRIPTS and a shield design mark for pharmacy-related services decades after Guardian acquired rights in the GUARDIAN PHARMACY® Marks.

49. Defendant had constructive and actual knowledge of Guardian's ownership of and priority rights in the federally registered GUARDIAN PHARMACY® Marks prior to Defendant's junior and subsequent infringing use of the GUARDIAN SCRIPTS and a shield design mark.

50. Defendant adopted and continues today to use in U.S. commerce the identical, and thus confusingly similar, Guardian Scrips name and GUARDIAN SCRIPTS and a shield design mark in connection with pharmacy-related services with full and actual knowledge of Guardian's priority rights in the GUARDIAN PHARMACY® Marks for pharmacy-related services.

51. Upon information and belief, Defendant has improperly gained profits by virtue of its infringement of the GUARDIAN PHARMACY® Marks.

52. Defendant's adoption, distribution, marketing, promotion, offering for sale, sale of pharmaceuticals, and rendering of pharmacy-related services under the GUARDIAN SCRIPTS and a shield design mark, which is confusingly similar to Guardian's federally registered GUARDIAN PHARMACY® Marks, constitute an infringement of Guardian's GUARDIAN PHARMACY® Marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

53. As a result of Defendant's unauthorized use of the GUARDIAN SCRIPTS and a shield design mark that is confusingly similar to Guardian's registered GUARDIAN PHARMACY® Marks, the public is likely to believe and has believed that Defendant's pharmacy-related services have been provided, approved by, or are affiliated with Guardian. Consequently, Guardian's ability to gain revenue through the rendering of services under the GUARDIAN PHARMACY® Marks is diminished due to Defendant's unauthorized and improper use of the GUARDIAN SCRIPTS and a shield design mark.

54. As a result of Defendant's wrongful conduct, Guardian has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in its federally registered GUARDIAN PHARMACY® Marks.

55. Guardian is entitled to recover from Defendant all actual damages that Guardian has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to Guardian, pursuant to 15 U.S.C. § 1117.

56. Guardian is also entitled to injunctive relief pursuant to 15 U.S.C. §1116(a). Unless Defendant's unlawful conduct is enjoined, Guardian has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Guardian's GUARDIAN PHARMACY® Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement and illegal conduct constitutes harm to Guardian such that Guardian could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing pharmaceuticals and related services, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to Guardian, is continuing and ongoing, since Defendant currently renders pharmacy-related services under the GUARDIAN SCRIPTS and a shield design mark.

57. Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's litigation position relative to the strength of Guardian's position considering both the governing law and the facts of this case and amounts to an exceptional case, justifying an award of attorney fees to Guardian pursuant to 15 U.S.C. § 1117.

## COUNT TWO

### Federal Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

58. Guardian incorporates herein and realleges the previous paragraphs of its Complaint.

59. Guardian is the owner of all rights and title to, and has valid and protectable prior rights in, the GUARDIAN PHARMACY® Marks.

60. The Defendant's infringing services under the GUARDIAN SCRIPTS and a shield design mark are of the same or similar nature and have similar forms and purpose as those rendered by Guardian under its GUARDIAN PHARMACY® Marks.

61. Defendant's actions described above, and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar GUARDIAN SCRIPTS and a shield design mark in the distribution, marketing, promotion, offering for sale, sale of pharmaceuticals, and rendering of related services constitute unfair competition and false designations of origin and false descriptions or representations. Such conduct (1) wrongfully trades on Guardian's long-standing and hard-earned goodwill in its GUARDIAN PHARMACY® Marks and the reputation established by Guardian in connection with its services, (2) passes off Defendant's pharmaceuticals and rendered services in commerce as those of Guardian, and (3) limits Guardian's ability to interact with distributors and end user consumers and gain revenue through the rendering of services using the GUARDIAN PHARMACY® Marks.

62. As a result of Defendant's unlawful use in commerce of the GUARDIAN SCRIPTS and a shield design mark, which is confusingly similar to the GUARDIAN PHARMACY® Marks, consumers are likely to be misled, deceived and confused as to the origin, sponsorship, or affiliation of Defendant's pharmacy and pharmacy-related services.

63. Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Guardian of the ability to control the consumer perception of its services rendered under its GUARDIAN PHARMACY® Marks, placing the valuable reputation and goodwill of Guardian in the hands of this unscrupulous Defendant.

64. Defendant's conduct in adopting and using the GUARDIAN SCRIPTS and a shield design mark is likely to cause confusion, mistake or deception as to the affiliation, connection and

association of Defendant and its services with Guardian, and as to the sponsorship, origin or approval of Defendant and its services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. Guardian has suffered actual damages proximately caused by Defendant's conduct, as well as the continuing loss of the goodwill and reputation established by Guardian in its GUARDIAN PHARMACY® Marks, in an amount to be determined at trial. Guardian is entitled to recover from Defendant all actual damages that Guardian has sustained and may later sustain due to Defendant's improper conduct, and a sum above the amount found as actual damages up to three times such amount, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be enhanced as compensation to Guardian, pursuant to 15 U.S.C. § 1117.

66. Unless permanently enjoined, Guardian will continue to suffer irreparable harm and damage to its business, reputation, and goodwill. Guardian has no adequate remedy at law because, among other things, (a) Guardian's service marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Guardian such that Guardian could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, mislead, or deceived as to the source, origin, or authenticity of the infringing pharmacy and pharmacy-related services, and (d) Defendant's wrongful and illegal conduct, and the resulting damage to Guardian, is continuing and ongoing, since Defendant currently render pharmacy and pharmacy-related services under the GUARDIAN SCRIPTS and a shield design mark.

67. Defendant's actions have been willful, and this case stands out from others with respect to the weakness of Defendant's litigation position relative to the strength of Guardian's

position considering both the governing law and the facts of this case and amount to an exceptional case, justifying an award of attorney fees to Guardian pursuant to 15 U.S.C. § 1117

## DEMAND FOR JURY TRIAL

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Guardian demands a trial by jury on all claims and issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Guardian prays for:

1. A judgment in favor of Guardian on all counts of the Complaint;

2. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the GUARDIAN PHARMACY® Marks or using any other mark similar to or likely to cause confusion with the GUARDIAN PHARMACY® Marks; from passing off Defendant's pharmacy and pharmacy-related services as being associated with and or sponsored or affiliated with Guardian; from committing any other unfair business practices tarnishing the GUARDIAN PHARMACY® Marks; from using or registering any name with any secretary of state or pharmacy licensing agency that incorporates the word "Guardian"; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Guardian;

3. An order requiring that the USPTO expressly abandon App. Nos. 98005570 and 98005562; and

4. An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services provided, sold,

distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or associated, affiliated, or otherwise connected with Guardian or constitute or are connected with Guardian's services;

5. An order directing Defendant to immediately cease all providing, marketing, advertising, promotion, sale, offer for sale and/or use of any and all advertisements, signs, displays, promotional materials, business cards, web sites, social media accounts, telephone directories and other materials that feature or bear any designation or mark incorporating the word GUARDIAN or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the GUARDIAN PHARMACY® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the GUARDIAN PHARMACY® Marks, and to immediately remove them from public access and view;

6. An order directing that Defendant recall and deliver up to Guardian for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the GUARDIAN PHARMACY® Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the GUARDIAN PHARMACY® Marks, including without limitation those that include the word "Guardian";

7. An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Guardian's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

8. Actual damages suffered by Guardian as a result of Defendant's unlawful conduct, including a sum up to three times such amount, according to the circumstances of this case, pursuant to 15 U.S.C. § 1117(a);

9. Reasonable funds for future corrective advertising;

10. An order directing that Defendant account to and pay over to Guardian all profits realized by its wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Guardian for the compensatory damages caused thereby;

11. An order enjoining Defendant from all acts unfairly competing with Guardian;

12. Compensatory and restitutionary relief against Defendant and in favor of Guardian, including Guardian's actual damages and disgorgement of Defendant's wrongfully obtained profits and any other appropriate relief to be enhanced as compensatory damages to Guardian;

13 An award of interest to Guardian, including pre-judgment and post-judgment interest, on the foregoing sums;

14. An award of Guardian's reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a); and

15. Such other relief as the Court deems just and equitable.

Respectfully submitted this 30th day of August 2023.

*/s/ Shannon Zmud Teicher*
Shannon Zmud Teicher
Texas Bar No. 24047169
Matt M. Johnson
Texas Bar No. 24108781
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
T: (214) 953-5987 | F: (214) 661-6844 |
steicher@jw.com
mjohnson@jw.com

John M. Bowler (pro hac vice application to be filed simultaneously)
Georgia Bar No. 071770
Charles E. Peeler (pro hac vice application to be filed simultaneously)
Georgia Bar No. 570399
Michael D. Hobbs Jr. (pro hac vice application to be filed simultaneously)
Georgia Bar No. 358160
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
john.bowler@troutman.com
Charles.peeler@troutman.com
michael.hobbs@troutman.com
jacob.burr@troutman.com

*Attorneys for Plaintiff Guardian Pharmacy, LLC, d/b/a Guardian Pharmacy Services*